# THE COLORADO LAW REPORTER.

Vol. II.]          Denver, April, 1882.          [No. 8

## WARD v. FARWELL.

*(Supreme Court of Colorado, December Term, 1881—Error to the District Court of Clear Creek County.)*

1. EASEMENT. An easement is an interest in land, and can only be acquired by grant, and, ordinarily, by deed, or what is deemed equivalent thereto. A parol license is insufficient for the purpose.

2. PUBLIC ROAD—DEDICATION AND USER. Dedication is an appropriation of land to some public use, made by the owner of the fee, and accepted for such use by, or on behalf of the public. A common public road originating in such an appropriation and acceptance, is a highway by dedication. The parties to such dedication are the individual proprietor, and the public at large. No particular formality is required, and it is not affected by the statute of frauds.

3. SAME—ESTOPPEL. The mere reference to a road in a conveyance, for purposes of boundary, does not amount to a dedication of the road to the public. The entire question is one of intention to dedicate. By such reference the grantor, as between himself and the grantee, would be estopped to deny the existence of the road at the date of the conveyance; but he would not be estopped to deny that it was a public road, theretofore dedicated to public uses, or to deny that by the reference to it in the deed he thereby intended to dedicate it to public uses.

ELBERT, C. J. Farwell, the defendant in error, filed his complaint in the Court below, praying an injunction against Ward, the plaintiff in error, restraining him and his employees from obstructing an alleged public road leading to the "Judd & Crosby Reduction Works," the same being a large and extensive mill for the reduction of silver ores, situate in Georgetown, and owned by the plaintiff Farwell.

A temporary injunction was issued, which, upon the final hearing, was made perpetual, and the defendant Ward prosecutes this writ of error.

43

One of the termini of the road in question is at West street, on what at that point is the north side of Clear Creek. It runs thence southerly, across lots four, five and six, in block twenty-nine, to what is called the upper bridge, thence easterly along a narrow strip of land, between the stream and the mountain, to the mill, through the mill, and thence to the lower bridge. Owing to the narrowness of this part of the road, teams cannot turn, and, having approached the mill by either termini, must find egress by the other. The upper bridge, and, for the most part, the road on the south side, between the two bridges, are located on premises belonging to the mill. The contention concerns that portion of the road on the north side of the stream between West street and the upper bridge, which crosses in nearly a diagonal course lots four, five and six. These lots are the property of the defendant Ward, except a portion of lot four, south of the road, which belongs to the plaintiff Farwell.

Upon both lots four and six the defendant Ward erected a barricade across the road, which prevented ingress and egress to and from the mill by way of West street and the upper bridge, and which are the obstructions complained of.

The upper bridge was built by Judd & Crosby, the grantors of Farwell, in 1874, and the road extended over the lots named, with Ward's consent, to West street, since which time the road as described, it is claimed, has been in constant use by the public, but chiefly by persons sending ores to plaintiff's mill.

The defendant admits a personal license, revocable at will, to Judd & Crosby, the grantors of Farwell, to build the road on the lots in question.

The plaintiff claims the right to use the road—first, as an easement appurtenant to lot four; second, as a public road, by reason of dedication and user.

Upon the trial below the plaintiff rested his case, chiefly upon a deed made in 1875 by one McNamara, the grantor of Ward, to the Judd & Crosby Co., of a portion of lot four.

It is claimed in argument that this road was an easement appurtenant to the part of lot four, deeded by McNamara to Judd & Crosby, and passed with the estate to the plaintiff Farwell. An easement is an interest in lands, and can only be acquired by grant, and ordinarily by deed, or what is deemed to be equivalent thereto. A parol license is insufficient for the purpose.

We find no grant to support this claim of the plaintiff.

(1.)   The deed from McNamara to Judd & Crosby contains no express grant of a way on the lots mentioned.

(2.)   There is no claim that the easement extended by prescription which supposes a grant.

(3.)   The easement cannot be implied, because it does not appear that it is a way of necessity.

It is true that an easement once created becomes appurtenant to the estate in whose favor it has been created or acquired, and passes with it, but it must first exist.

An easement, therefore, cannot be said to be appurtenant to the lot conveyed, because nothing will pass as an easement to a dominant estate, although it may have been used with it, unless a right thus to use it has become consummate, and thereby made appurtenant to the granted premises, or is expressly mentioned in the deed conveying the same, as an easement intended to be conveyed thereby.   Wash. Eas. and Ser., 18 to 32, and cases cited.

This eliminates from the discussion this branch of the case of the plaintiff below.

It is claimed that the road in question is a public road by reason of dedication and user.

Dedication is an appropriation of land to some public use, made by the owner of the fee, and accepted for such use by or on behalf of the public.

A common public road originating in such an appropriation and acceptance, is a highway by dedication.   Angell, Highways, Sec. 132.

The parties to a dedication are the individual proprietor and the public at large.

As to what will constitute a dedication, Mr. Angell says: "No particular formality is required; it is not affected by the statute of frauds; it may be made either with or without writing by any act of the owner, such as throwing open his land to the public travel, or platting it and selling lots bounded by streets designated in the plat, thereby indicating a clear intention to dedicate; or an acquiescence in the use of his land for a highway; or his declared assent to such use will be sufficient; the dedication being proved in most, if not in all, cases by matter *in pais* and not by deed.   The vital principle of dedication is *inten-*

*tion* to dedicate—the animus *dedicandi,* and whenever this is unequivocally manifested, the dedication, so far as the owner of the soil is concerned, has been made. Time, therefore, though often a very material ingredient in the evidence, is not an indispensable ingredient in the act of dedication.   *   *   *   If the act of dedication be unequivocal, it may take place immediately. *   *   *   If accepted and used by the public in the manner intended, the dedication is complete, precluding the owner and all claiming in his right from asserting any ownership inconsistent with such use. Dedication, therefore, is a conclusion of fact to be drawn by the jury from the circumstances of each particular case; the sole question, as against the owner of the soil, being, whether there is sufficient evidence of intention on his part to dedicate the land to the public as a highway." Angell, Highways, Sec. 142.

Independently of the deed from McNamara to the Judd & Crosby Co., there was sufficient evidence to take the question of dedication in this case to the jury. Whether there was sufficient to support the verdict of the jury in view of a new trial, it is not proper to say.

We are led to believe that the verdict, which found the road to be a public road, was founded largely, if not entirely, upon the view the Court below took of the effect of the McNamara deed. This deed conveys to the Judd & Crosby Co. "all that tract or parcel of land belonging to lot four, block twenty-nine, *   *   *   *lying south of the road leading from West street to the bridge above the Judd & Crosby Reduction Works,* together with all and singular the tenements," etc.

Touching this deed, which was in evidence, the Court gave the following instructions on behalf of the plaintiff, as follows:

"The Court instructs the jury that if, from the evidence, it appears that Michael McNamara, while holding a deed for lot four, in trust for his brother-in-law Ward, the real owner, made a conveyance of part of said lot to the Judd & Crosby Co., wherein the part of the lot sold was described with reference to the road in controversy between certain points, the defendant, Ward, cannot in this case deny that there was at that time a road the entire distance from the mill to West street; and if it was there in 1875, he is estopped to deny its existence at the present time, unless in some way released by the Judd & Crosby Co. or by Farwell, the plaintiff.

"The Court further instructs the jury that it is for the Court to construe the deed from McNamara to the Judd & Crosby Co., and that such legal effect was a solemn admission of the existence of the road in controversy between the points therein named—that is to say, across lot four and between the bridge over the creek and West street—which admission the defendant is estopped to deny, unless in case of release by the plaintiff in some manner; and of such release, or acts amounting thereto, there must be evidence in this case before you can so find.

"The Court instructs the jury that the word 'road' used in the deed of McNamara means a public road so far as the defendant is concerned."

The giving of these instructions is assigned as error.

In support of these instructions, it is urged that the case is analagous to the case of the sale of urban property by reference to a plat upon which streets, avenues and alleys are designated.

"In this country," says Mr. Angell, "there is quite a large class of cases in which dedication has been inferred from the sale of land described by reference to a map or plat, in which the same is designated as laid off into lots, intersected by streets and alleys."

"It may be stated, as a general rule, that, when the owner of urban property, who has laid it off into lots, with streets, avenues and alleys intersecting the same, sells his lots with reference to a plat in which the same is so laid off, or where, there being a city map in which this land is so laid off, he adopts such map by sales with reference thereto, his acts will amount to a dedication of the designated streets, avenues and alleys to the public."

This doctrine is illustrated by the case of the *City of Denver* v. *Clements*, 3 Colo., 472, where the sale of lots by Clements, by reference to the Boyd map for description, was held to be a ratification and adoption of the map. In such a case it is said: "The popular understanding, and a reasonable construction of the intention of the grantor are, that the vendee, by virtue of the purchase, is entitled to all the appurtenant advantages, privileges and easements which the plat proclaims to exist, so far as the land embraced by it is owned by the grantor.    *    *    * The plat to which reference is made is a material part of the deed, which must be construed to have the same effect as if the plat had been incorporated in it."

The entire question is one of *intention to dedicate*, (Angell, *supra*,) and upon this point the Court say: "These acts, public and without restriction, are of such a high character as evidence showing an intent to dedicate to public use, that the proprietor, as a general rule, will be estopped to assert the contrary, with respect to any portion of the land so designated as streets."

Again, the Court say: "The doctrine of dedication has its origin in public convenience; public streets are essential for the accommodation of town and city communities, and a proprietor platting his lands for town or city purposes must be presumed to intend what is essential for its proper enjoyment in this respect. The term street used on a map of a town or city imports a public way for the free passage of its trade and commerce."

In the case at bar, there is no claim that the road in question is designated on any town map or plat as an existing way. Nor is there any claim that it is in any way essential to the enjoyment of the lot conveyed, however essential it may be to the use of the plaintiff's mill. It is mentioned in the deed as a road, and for purposes of boundary, but how can it be said, as in the case cited, that such mention of it is an act of such high character as evidence, showing an intent to dedicate to public use, that the grantor will be estopped to assert the contrary?

As between the grantor and grantee, the former is doubtless estopped to deny the existence of the road at the date of the conveyance, but that he is estopped to deny that it was a public road, theretofore dedicated to public use, or to deny that by the reference to it in his deed, he thereby intended to dedicate it to public use, cannot be admitted. It cannot be said in such a case, as in the case cited, that the grantee or the public have a right to understand and rely upon such a reference to a road as showing an unequivocal intent to dedicate it to public use. At best it could only go to the jury to be considered by them in connection with other acts of the grantor, as showing an intent to dedicate to public use. Of its value for this purpose, the jury would be the judges. We think the Court erred in giving the instructions, and the judgment must be reversed and the case remanded for new trial.

*W. T. Hughes,* for plaintiff in error.
*R. S. Morrison,* for defendant in error.