## No. 10,245.

### EDWARDS, ET AL. *v.* VARNUM, ET AL.

Decided November 6, 1922.

Action for the reformation of a deed and to quiet title. Judgment for defendants.

## *Affirmed.*

1. DEED—*Contract—Reformation.* On consideration of a contract for the conveyance of real property and the deed given thereunder, the deed is held to conform to the contract, and the action of the trial court in refusing a reformation thereof, affirmed.

2. APPEAL AND ERROR—*Fact Findings.* A finding of the trial court, that a clause in a contract for the conveyance of real property limiting the reservation of a 12 foot strip for alley purposes, had been added after the execution of the contract, up-held.

3. REAL PROPERTY—*Adverse Claim.* One who claims title to a strip of land not included in his deed, which he seeks to have reformed, has no right of action against another claiming a license to use it from a superior title holder, reformation of the deed being refused.

4. PLEADING—*Cross-Complaint.* Joint cross-complaint of defendants in an action for the reformation of a deed and to quiet title, considered and held good.

*Error to the District Court of the City and County of Denver, Hon. Julian H. Moore, Judge.*

Mr. CHARLES E. FRIEND, for plaintiffs in error.

Mr. HENRY E. MAY, Mr. A. J. GOULD, for defendants in error.

*En banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

THE plaintiffs in error, Edwards and wife, were plain-

tiffs below. They brought suit against Varnum and Barnetson to reform a deed from Varnum to Mrs. Edwards so as to make it convey an additional strip of land 12 feet wide, and to quiet title. The complaint purports to state three causes of action but we think it states but one if any. The only allegation against Barnetson was that he claimed some estate or interest in said strip but had none. The defendants denied certain allegations and added a cross-complaint, in substance that the strip was an alley and had been obstructed by plaintiffs and praying for damages and an injunction against further obstruction. The defendants had judgment.

The decree in favor of Varnum was right. The deed described the land as the south 105 feet of lot 23 and the west 15.4 feet of the south 105 feet of lot 24 in block 5 Berkeley. It was claimed that it should have described the whole of the south 105 feet of lot 24. These lots front toward the south on 38th avenue. The strip in dispute is 11.2 feet (or, as it is usually referred to in the record, 12 feet) wide on the east side of lot 24.

The complaint alleges that the deed was made pursuant to the following contract, in the handwriting of Edwards:

"Denver, Col., Sep. 2 1913. Received of Guy H. and Flora A. Edwards fifty dollars ($50.00) as part payment on lot 23 and the west 15 ft. of lot 24, or in other words the south 42 ft in width of said two lots, lots are 104 ft and 11 in. in length. * * * (when the price is paid) "then Guy H. and Flora A. Edwards shall have warrantee deed for same * * * Sewer taxes to be paid by purchaser. There is to be a 12 ft. alleyway of 12 ft. wide on the East of these lots the same to be private for us only."

The deed conforms to this contract; "south" must be read "west"; the plaintiffs, however, attempted to show an oral understanding with Varnum that the title to the whole of lot 24 should be conveyed, but the court found there was no such understanding. The refusal of the court to reform the deed, therefore, was right. Varnum claimed

both the legal and equitable title to the strip, subject only to its use as an alley. It is obvious that upon the denial of the reformation of the deed such claim was unassailable.

Barnetson, for himself and other residents and property owners of said block 5, claimed the right to use the strip as an alley by license from Varnum. To support this claim he and Varnum denied that the contract contained the last eight words thereof, "the same to be private for us only," and alleged that these words had been added after execution, and the court so found. It is claimed that this finding is not supported by sufficient evidence, and much argument is made that because all the testimony of the defendants on this point was made by deposition and by the contract itself we are not bound by the rule as to conflicting evidence. Whatever may be the extent of this rule, we are not convinced that the court's decision was wrong and therefore it must stand. It follows from the above that the claim of Barnetson of the right to use the alley under the license of Varnum was valid.

It is indeed claimed that there was no estate or interest shown in Barnetson, and that therefore the plaintiffs are entitled to a decree against him, and plaintiffs in error cite *Ward v. Farwell,* 6 Colo. 66, and other cases. That case, however, merely holds that a revocable license from the plaintiff in a suit to quiet title is not a sufficient showing of an interest against the plaintiff, which is manifest, but it is unlike the present case where the defendant claims a license from the holder of a title superior to plaintiffs'. Before the plaintiffs have any standing against Barnetson they must get their deed reformed; this they have failed to do.

It is claimed that the cross-complaint, being joint by Varnum and Barnetson and bad as to Barnetson, is bad as to both, and consequently the injunction against interference with the alley by the plaintiffs is erroneous. But if we are right in the foregoing, the pleading is good as to Barnetson.

The assignments of error and points argued by the plaintiffs are numerous, but those that are not substantially answered by the foregoing, while we have examined, we do not think it necessary to comment upon them.

Judgment affirmed.

MR. CHIEF JUSTICE SCOTT and MR. JUSTICE WHITFORD concur.