STAGECOACH PROPERTY OWNERS ASSOCIATION, a Colorado non-profit corporation, John H. Johnson and Weaver Construction Company, a Colorado corporation, Plaintiffs-Appellees,

v.

YOUNG'S RANCH, a partnership, Defendant-Appellant.

No. 82CA0529.

Colorado Court of Appeals, Div. I.

Dec. 23, 1982.

Arthur L. Fine, Denver, for plaintiffs-appellees.

Robert H. Gleason, Steamboat Springs, for defendant-appellant.

COYTE, Judge.

Defendant, Young's Ranch, appeals the judgment of the trial court wherein the court found that defendant's interest in certain real property (common area) was subject to a dominant appurtenant easement of use and enjoyment owned and vested in plaintiff Stagecoach Property Owners Association. We reverse.

In September 1971, Young's Ranch, a partnership, the individual partners of which were David J. Young, Robert J. Young, and Mary D. Young, agreed to sell approximately 1,000 acres of ranch property in Routt County, Colorado, to Woodmoor Corporation (Woodmoore). Woodmoor's purpose in purchasing the property was to subdivide the land for residential development. The purchase agreement provided that defendant would take a note and deed of trust to secure the balance of the purchase price after the initial down payment. It also provided that 150 acres would be released from the deed of trust upon payment of the downpayment and that thereafter additional acreage would be released upon payment of the principal at the rate of one acre per $1,000 of principal paid. Partial releases from the deed of trust were to

be granted without acreage release payments for all roads dedicated for public use. The agreement further provided that defendant reserved the right to review and approve subdivision plats and plans, agreed not to withhold such approval unreasonably, and agreed to execute such plats or plans so approved as were required for development of the subdivision.

In October 1972, Woodmoor filed a plat of a subdivision entitled Meadow Green which encompassed a portion of the property sold by defendant to Woodmoor. The Meadow Green Subdivision was part of a larger development project known as Stagecoach. A replat of a portion of Meadow Green subdivision was filed in March 1973. Both the plat and replat contained a dedication executed by Woodmoor and the individual partners of defendant granting to "the County of Routt, State of Colorado, for the use of the public, the avenues, streets, drives, courts and places hereon shown." Both plats showed an area labeled "common area" and bore the notation that the development and management of areas designated as "common open space" was to become the responsibility of the Stagecoach Property Owners Association.

In November 1972, Woodmoor recorded a certificate declaring that the document entitled "STAGECOACH DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS" which had been previously recorded was to be applied to the Meadow Green subdivision. That document referred to the establishment of the Stagecoach Property Owners Association whose membership was limited to the record owners of a fee simple title to any lot which was a part of the development. The use and enjoyment of common areas owned by the association was specifically limited to these owners, members of their family, and their tenants or contract purchasers who reside on the property. The owners' right of enjoyment of the common area was subject to the provision that the association had the right to dedicate or transfer all or part of the common areas to any public agency, authority, or utility. However, such dedication or transfer required the express approval of the members of the association.

Following approval of the plat and replat, Woodmoor proceeded to sell lots at Meadow Green to the public. Woodmoor made payments on the principal of the Young note and received partial releases from the lien of the deed of trust. However, that portion of the land designated on the plats as "common area" and which is the subject of the dispute in this case, was not part of the acreage so released.

Woodmoor defaulted in its payments to defendant on September 1, 1973, and eventually went into bankruptcy. The bankruptcy court agreed to allow defendant to commence foreclosure proceedings which resulted in a public trustee's sale. Plaintiffs threatened an injunction action to prevent the inclusion of the "common area" in the public trustee's sale. After it was stipulated that the public trustee's sale could proceed subject to the court determination of the respective rights of the homeowners' association and defendant in the common area, a public trustee's deed was issued to defendant.

The trial court concluded that there had been a statutory dedication since there had been substantial compliance with the terms of § 30–28–133(4)(a), C.R.S.1973, and the applicable Routt County Subdivision Regulations. We disagree.

Section 30–28–133(4)(a), C.R.S.1973, requires all boards of county commissioners to adopt subdivision regulations governing the sites and land areas for schools and parks. In compliance with this requirement, the Routt County Board of County Commissioners approved and adopted subdivision regulations which were in force at the time of the execution of the plat and replat in this case.

The trial court specifically focused upon Routt County Subdivision Regulations

§§ 5.5B and 5.5C. We conclude that neither of these sections provide any basis for the trial court's finding of a statutory dedication. Routt County Subdivision Regulation § 5.5B provides as follows:

"All subdividers in Routt County will convey prior to Final Plat approval by Warranty Deed free and clear of all liens and encumbrances, a minimum of five percent (5%) of the total area of the subdivision as open space, parks, or recreation area to a property owners' association, or similar organization, formed for the purpose of maintaining in perpetuity such designated areas within the subdivision. Any such organization must provide for funding of said conveyance."

▮ This regulation clearly contemplates a "conveyance" and not a "dedication" which terms are not synonymous. *City of Leadville v. Coronado Mining Co.,* 37 Colo. 234, 86 P. 1034 (1906). The term "conveyance" connotes a deed whereby the title to land is transferred from one person to another which deed must be both delivered and accepted in order to accomplish the transfer of the interest in the land. *Henry v. Latta,* 472 P.2d 694 (Colo.App. 1970) (not selected for official publication). In contrast, a dedication has been defined as an appropriation of land by the owner of the fee to some public use and the adoption thereof by the public. *Hand v. Rhodes,* 125 Colo. 508, 245 P.2d 292 (1952); *Ward v. Farwell,* 6 Colo. 66 (1881). Thus, this regulation requiring a conveyance of property cannot be relied upon as a basis for finding a statutory dedication.

▮ Furthermore, the trial court erred in finding that there was substantial compliance with this regulation. The conveyance contemplated by the statute must occur prior to final plat approval and must be free and clear of all liens and encumbrances. In this case, there was no conveyance whereby title was transferred from Woodmoor, the subdivider, to the Stagecoach Property Owners Association. Additionally, Woodm-oor's title to the common area was subject to defendant's deed of trust, there having been no release of the property in dispute.

The trial court also erred in finding that there was a statutory dedication pursuant to Routt County Subdivision Regulations § 5.5C. That section provides as follows:

"An area equal to a minimum of five percent (5%) of the gross land area on each final plat shall be reserved for dedication to and accepted by the board of county commissioners for one or more essential public purposes. Any area so reserved will be maintained by the property owner or a similar organization until the date title passes to the public agencies. Areas so reserved must be usable for the purpose intended. The future use of such reserved property must be agreed upon between the subdivider and the board of county commissioners prior to final plat approval by the board of county commissioners. All land so reserved shall be shown on the final plat with agreed usage and shall be free of all liens and encumbrances prior to final plat approval. "The final plat shall contain a dedication of such reserved areas and the public agencies to whom dedicated shall within twenty (20) years from the date of such dedication accept the same."

▮ There is no evidence in the record that there was any agreement between Woodmoor and the Board of County Commissioners as to the future use of the common area in the event it was dedicated to the public. In addition, the area in question was never free and clear of the defendant's deed of trust. Furthermore, the terms of the covenants stated above show that Woodmoor contemplated that the common area was to be limited to the private use of the property owners contrary to the definition of dedication contained in the regulations themselves (as well as the common law concept of dedication, see below). *See* Routt County Subdivision Regulation 2.2A(2). The covenants also specify that the property owners association had abso-

lute discretion and control over whether the common area would ever be dedicated to a public agency for a public use, contrary to the requirements of the regulations that the dedication must be accepted within twenty years.

After determining that there was a statutory dedication of the common area, the trial court further concluded that the requisite elements of a common law dedication were also established. Again, we disagree.

■ The facts of this case fail to establish a common law dedication for two reasons. First, a common law dedication is limited to an appropriation of land for a public use. *Hand v. Rhodes, supra; Ward v. Farwell, supra.* Hence, there can be no dedication where the use of the property is to be restricted to a limited number of individuals.

Here, the express terms and conditions of the covenants governing the use of the common area specifically restricted use of the area to owners of the property within the subdivision, their families, tenants, and contract purchasers. The area was to remain under the control of the association until such time as the association in turn decided to make its own dedication for a public use which may never occur. Thus, because the use of the common area was restricted to such private use, there could be no common law dedication.

Second, the evidence fails to establish that the individual partners of defendant unequivocally manifested their consent to any dedication of the common area which had not been released from the deed of trust.

■ A mortgagor cannot make a dedication of mortgaged property without the consent of the mortgagee. *Land Title & Trust Co. v. Brannan,* 103 Ariz. 272, 440 P.2d 105 (1968). The intention of the mortgagee to consent to a dedication by the mortgagor is similar to the intent of the owner of property to make a dedication and is subject to the same strict standards of proof. As stated in *City of Northglenn v. City of Thornton,* 193 Colo. 536, 569 P.2d 319 (1977):

"[I]n Colorado, a dedication of property to the public use is never presumed without evidence of unequivocal intent to make such dedication. Second, for a common law dedication to be found there must be certain elements present including an intent on the part of the owner to dedicate and an acceptance of the dedication by the governmental authority. Finally, these elements must be found from the unambiguous actions of the parties."

■ This case was submitted on stipulated facts, and those facts plus defendant's depositions and certain voluminous documents constitute all of the evidence before the trial court. Accordingly, we are not bound by the trial court's determination from this record that the individual partners of defendant intended to make a common law dedication. *See Board of County Commissioners v. Berkeley Village,* 40 Colo. App. 431, 580 P.2d 1251 (1978); *McIntosh-Huntington Co. v. Rice,* 13 Colo.App. 393, 58 P. 358 (1889). Reviewing the evidence in this case by the standard set forth above, we reach a conclusion contrary to the trial court's finding of the requisite intent on the part of the individual partners of defendant.

The express language used in the dedication written on the plat and replat standing on its own is not evidence of an unequivocal intent on the part of defendants to make a dedication of the common area. Because the language used is a series of specific words describing various types of public roadways followed by the general term "places hereon shown," it is reasonable to construe the latter term to embrace only objects similar in nature to those previously enumerated. Thus, the intended dedication was one of public roadways and nothing more.

On the other hand, even if the phrase "places hereon shown" is interpreted to

mean that places other than roadways were intended to be dedicated, that phrase is too imprecise and vague to allow for an exact determination of what additional areas were intended to be dedicated. Additionally, the release provisions contained in the deed of trust make no provision for release of land for a "common area." The common area was never released from the deed of trust.

 Where, as here, the dedication language is not clear and unambiguous, parol evidence may be used to determine if there was in fact a common law dedication. *City of Greenwood Village v. Boyd,* 624 P.2d 362 (Colo.App.1981). In our view, the signature of the Youngs on the plat, which they had agreed to approve, does not, together with their depositions, manifest an unequivocal intent on their part to make a dedication of the common area.

The Youngs' only involvement with the development project was to sell the land to Woodmoor knowing it would be subdivided for residential development. Defendant was not involved in the development of the specific details of the project or the promotion or sale of any of the lots. When the individual partners executed the acknowledgment of the dedication on the plats, it is reasonable to conclude that they were doing so in order to fulfill defendant's commitment not to withhold plat approval unreasonably as required by the purchase agreement. Furthermore, they could not have objected to the dedication of the public roads as stated in the dedication because they were to be released without payment for the corresponding acreage. However, there was nothing in the dedication language which was drafted by Woodmoor, or in the circumstances of the acknowledgment, that would put the Youngs on notice that acknowledgment of the dedication language on the plats was a dedication of lands which had not been released from the lien of the deed of trust. Under these circumstances, there was insufficient evidence to conclude that the Youngs had manifested

an unequivocal intent to consent to any dedication of the common area.

The judgment is reversed and the cause is remanded with directions to enter judgment in favor of defendant vesting legal title in fee simple absolute in the area in dispute in defendant with such title to be unencumbered by the dominate appurtenant easements found initially by the trial court.

PIERCE and KELLY, JJ., concur.