**SNOWMASS LAND COMPANY, an Illinois general partnership, Plaintiff–Appellant,**

v.

**TWO CREEKS HOMEOWNER'S ASSOCIATION, Inc., a Colorado nonprofit corporation, Defendant–Appellee.**

No. 05CA0024.

Colorado Court of Appeals,
Div. II.

July 13, 2006.

Rehearing Denied Aug. 10, 2006.

Certiorari Denied Nov. 13, 2006.

Otten, Johnson, Robinson, Neff & Ragonetti, P.C., Thomas J. Ragonetti, J. Thomas MacDonald, James T. Johnson, Denver, Colorado, for Plaintiff–Appellant.

Klein Cote & Edwards, LLC, Herbert S. Klein, Lance R. Cote, Madhu B. Krishnamurti, Aspen, Colorado, for Defendant–Appellee.

Opinion by Judge HAWTHORNE.

In this dispute involving the reservation of the right to withdraw and develop certain real property, plaintiff, Snowmass Land Company (SLC), appeals the trial court's summary judgment in favor of defendant, Two Creeks Homeowner's Association, Inc. (the Association). We affirm.

### I. Background

In 1994, SLC created two common interest communities, East Village and Two Creeks, pursuant to the Colorado Common Interest Ownership Act (CCIOA), § 38–33.3–101, et seq., C.R.S.2005. At that time, SLC executed and recorded declarations of covenants, conditions, and restrictions for both communities, intending to reserve certain development rights. Those rights included the right

to withdraw Parcel A, Lot 3, known as the Pasture Parcel, from East Village.

In 2004, SLC attempted to exercise its right to withdraw the Pasture Parcel. The Association objected, and SLC filed a declaratory judgment action seeking to establish its rights under the declarations. The Association filed various counterclaims and moved for summary judgment, asserting that under the CCIOA, SLC had failed properly to reserve the right to withdraw or develop the Pasture Parcel. The Association also sought injunctive relief prohibiting SLC from pursuing any land use approvals to develop the property. SLC filed a cross-motion for summary judgment on all issues.

The trial court granted summary judgment in favor of The Association, concluding that SLC's reservation failed to comply with Colo. Sess. Laws 1991, ch. 283, § 38–33.3–209(1) at 1721, in effect at the time it executed the declarations, because SLC failed to label the Pasture Parcel on the plat with its asserted rights to withdraw or develop that property.

## II. Applicable Version of the CCIOA

■ SLC contends the trial court erred in applying Colo. Sess. Laws 1991, ch. 283, § 38–33.3–209(1) at 1721, because a provision in the declarations incorporated any future amendments to the CCIOA, and therefore, § 38–33.3–209(1), C.R.S.2005, the current version of the statute as amended in 1998, applied. SLC further contends that the current version of the CCIOA eliminates the need to file a map or plat if all of the information required by that section is contained in the declaration. According to SLC, it did not matter whether it failed to label the plat because a plat was not required. We disagree.

Statutory interpretation is a question of law that we review de novo. *Boone v. Bd. of County Comm'rs*, 107 P.3d 1114 (Colo.App. 2004). Our primary task in construing a statute is to determine and give effect to the intent of the General Assembly. Thus, we look to the statutory language, giving words their plain and ordinary meaning, and interpreting the statute in a way that best effectuates the purpose of the legislative scheme.

*Harding v. Heritage Health Prods. Co.*, 98 P.3d 945 (Colo.App.2004).

The former § 38–33.3–209(1) provided in part:

Plats and maps are a part of the declaration and are required for all common interest communities except cooperatives. Separate plats and maps are not required by this article if all the information required by this section is contained in either a plat or a map.

The current version of the statute provides in part:

A plat or map is a part of the declaration and is required for all common interest communities except cooperatives. A plat or map is not required by this article if all the information required by this section is contained in the declaration.

We do not agree with SLC's contention that the current version eliminated the need to file a plat or a map if all the information was contained in the declaration. Section 38–33.3–201(1), C.R.S.2005, provides, "No common interest community is created until the plat or map for the common interest community is recorded." Thus, it is clear that a plat or map of the common interest community is required under the CCIOA.

At first glance, this language appears contrary to the language in § 38–33.3–209(1), which provides that "[a] plat or map is not required by this article if all the information required by this section is contained in the declaration." However, a declaration is defined as "any recorded instruments however denominated, that create a common interest community ... including, but not limited to, plats and maps." Section 38–33.3–103(13), C.R.S.2005. Thus, because by definition the map or plat is included as part of the declaration, the requirement that a map or plat be recorded to create a common interest community pursuant to § 38–33.3–201(1) can be harmonized with the language in § 38–33.3–209(1), which states that a map or plat is not required.

In this case, SLC was required to file a plat or map under § 38–33.3–201(1) to create a common interest community. Therefore, it was irrelevant which version of § 38–33.3–

209(1) the trial court applied because it reached the correct result under either version of the statute.

### III. SLC's Reservation

■ SLC next contends the trial court erred in concluding that its reservation failed to comply with the requirements for maps and plats set forth in § 38–33.3–209(2), C.R.S.2005. We disagree.

■ The editor's note at the beginning of the CCIOA states that the "provisions of this act are based substantially on the Uniform Common Interest Ownership Act" (UCIOA). *See generally* § 38–33.3–101, et seq. Prefatory note 2 to the UCIOA, 7 pt. 1 U.L.A. 836 (1994), states in part:

> A fundamental precept of UCIOA is that full and adequate disclosure to purchasers is a viable alternative to governmental registration and supervision. Declarants are bound by representations made in the declaration ... and are held to statutory ... standards to protect consumers. Among the basic representations made by declarants are those which describe the scope of development rights and their duration.

Thus, a fundamental objective of the CCIOA is to provide full disclosure to purchasers regarding applicable development rights.

Section 38–33.3–209(2)(c), C.R.S.2005, which was in effect at the time SLC executed the declarations and remains in effect, provides that a map must show "[a] legally sufficient description of any real estate subject to development rights, labeled to identify the rights applicable to each parcel."

"Label" is defined as "[a]ny writing ... attached to a larger writing." *Black's Law Dictionary* 890 (8th ed.2004). In the context of a plat or a map, Colorado courts have used the term "label" to indicate a writing or designation placed directly on the plat or map. *See Cullacott v. Cash Gold & Silver Mining Co.,* 8 Colo. 179, 181, 6 P. 211, 213 (1885)("[t]he tract thus laid off was duly platted, and labeled 'Cash Lode'"); *Stagecoach Prop. Owners Ass'n v. Young's Ranch,* 658 P.2d 1378, 1380 (Colo.App.1982)("Both plats showed an area labeled 'common area....'"); *City of Greenwood Village v.*

*Boyd,* 624 P.2d 362, 363 (Colo.App. 1981)("Both plats show a clearly marked strip containing random pattern dots within the strip, labeled at various places 'green belt.'").

SLC's plat described the Pasture Parcel as "Parcel A, Lot 3." Therefore, it contained a legally sufficient description of the property on the plat. *See Black's Law Dictionary, supra,* 91213 (a legal description is "[a] formal description of real property, including a description of any part subject to ... [a] reservation ... [which] can be made by reference to ... lot numbers of a recorded plat"). However, nothing on the portions of the plat described as Parcel A, Lot 3, was labeled to identify any development rights applicable to that parcel.

SLC nevertheless contends that the notes on the first sheet of the plat containing its reservations satisfy the requirements of § 38–33.3–209(2)(c). SLC further contends that it sufficiently labeled the plat by incorporating by reference the development rights applicable to Parcel A, Lot 3, contained in the declaration. The Association maintains that § 38–33.3–209(2)(c) does not allow property rights to be incorporated by reference.

In note five, under the heading "Reservations," SLC "reserved to itself ... the following" rights: "The reservation of development rights of [SLC] set forth in the declaration of covenants, conditions and restrictions of Parcel B–Two Creeks, Parcel G–The Pines, and East Village P.U.D., all of which are incorporated by reference herein." The reservation in the declaration stated in part, "The right of Declarant to withdraw from the CIC or to convey all or any one of the following to the Specific Parcel Association for Two Creeks as a common element ... Lot 3, Parcel A."

However, note five failed to refer to Lot 3, Parcel A, and as noted, nothing on the plat containing the "legally sufficient description" of the parcel referred to note five. In other words, even if we assume that note five constitutes a "label," and that a party may incorporate property rights by reference under this section, we conclude SLC failed to notify purchasers that the information con-

tained in note five applied to Lot 3, Parcel A, as required by § 38–33.3–209(2)(c).

We therefore conclude that the description on the plat, in conjunction with the attached notes, failed adequately to label the plat or map to identify the development rights applicable to Parcel A, Lot 3. Thus, we agree with the trial court that SLC failed to satisfy the requirements of § 38–33.3–209(2)(c), and therefore, failed to reserve its right to withdraw the Pasture Parcel.

## IV. Injunction

SLC next contends the trial court erred by enjoining it from pursuing any land use approvals to develop the Pasture Parcel. However, SLC failed to raise this argument in the trial court, and we decline to address it on appeal. *Estate of Stevenson v. Hollywood Bar & Cafe, Inc.*, 832 P.2d 718 (Colo.1992) (arguments not presented to, considered by, or ruled upon by the trial court will not be considered for the first time on appeal).

The judgment is affirmed.

Judge ROTHENBERG and Judge ROY concur.