**ABRIL MEADOWS HOMEOWNER'S ASSOCIATION, Plaintiff–Appellant and Cross–Appellee,**

v.

**Jaime A. CASTRO and Sharon F. Castro, Defendants–Appellees and Cross–Appellants.**

**No. 07CA2440.**

Colorado Court of Appeals, Div. I.

April 30, 2009.

Fisher, Sweetbaum, Levin & Sands, P.C., Alan Sweetbaum, Denver, Colorado, for Plaintiff–Appellant and Cross–Appellee.

Nancy Bentson Essex, P.C., Nancy Bentson Essex, Crested Butte, Colorado, for Defendants–Appellees and Cross–Appellants.

Opinion by Judge TAUBMAN.

In this real property dispute, plaintiff, Abril Meadows Homeowner's Association (HOA), appeals, and defendants, property owners Jaime A. and Sharon F. Castro, cross-appeal, the trial court's judgment holding that the Castros violated the HOA's declaration, ordering them to pay the HOA a reduced fine of $100, and dismissing the HOA's six other claims against them. The HOA also appeals the award of costs to the Castros on the basis of a $1,000 offer to settle they had made prior to trial, and the denial of its request for attorney fees because it had prevailed on one claim. Additionally, the Castros cross-appeal the trial court's denial of their request for attorney fees. Because we hold that the HOA's declaration of covenants is invalid, we reverse the trial court's judgment that the Castros violated the declaration and remand for reconsideration of their request for attorney fees.

## I. Background

In 1998, developer and property owner, Rachel LaPore, filed a declaration of protective covenants and a plat for "Filing One" of the Abril Meadows Subdivision in Gunnison, which consisted of two lots, each with a home. The declaration was not signed or acknowledged. However, the accompanying plat contained both LaPore's signature and an acknowledgment. The plat referenced an area for future "Filing Two" and the declaration discussed contemplated lots in that filing.

In August 2001, LaPore sold "Lot 2" of the subdivision to the Castros, retaining her ownership of "Lot 1." The Castros' deed referenced the recorded declaration and plat for "Filing One."

In 2004, LaPore filed Articles of Incorporation for the HOA with the Secretary of State and adopted HOA bylaws.

In 2005, LaPore filed a declaration of protective covenants and plat for "Filing Two," which consisted of seven vacant lots. LaPore retained ownership of all seven lots. This declaration, unlike the "Filing One" declaration, contained LaPore's signature and was acknowledged.

Beginning in March 2006, LaPore sent the Castros letters alleging that they were in breach of several covenants contained in the 1998 declaration. LaPore explained that the HOA was imposing fines on the Castros for the alleged violations and afforded them an opportunity for a hearing. The Castros did not request a hearing before the HOA board of directors, which would have been presided over by LaPore, the sole HOA director. At the time of trial, LaPore and the Castros were the only unit owners in the entire subdivision.

The HOA levied additional fines against the Castros and filed a lien against their property for $601,226 in July 2006 based on a $1,000 fine per day, plus interest, for each violation. In November 2006, the HOA reduced the fine amount to $100 per day, plus interest, for each violation, and reduced the lien to $115,910.

The HOA then commenced this action in the trial court to foreclose the lien resulting from the unpaid fines for five alleged violations of the HOA's declaration: (1) placement of a concrete lining in an irrigation ditch; (2) construction of a roof extension over the front entry of the Castros' home; (3) construction of a room addition—tool shed; (4) construction of a concrete slab; and (5) placement of a horse trailer in a visible area. At trial, the HOA sought $263,025 in fines and interest and foreclosure of its lien.

Although the trial court specifically found that the declaration was not signed, it held that the declaration was valid and enforceable against the Castros because the plat filed simultaneously with the declaration was signed, the deed accepted by the Castros referenced the declaration, and the Castros testified that they were aware of the declaration when they purchased the property.

The trial court dismissed all but one of the HOA's claims. It found that the Castros violated the declaration when they constructed an addition to their tool shed without approval of the HOA. Further, it reduced the amount of the HOA fine, as unconscionable, ordering the Castros to pay the HOA $100. Additionally, the trial court awarded the Castros their costs, but declined to award either party attorney fees.

The HOA appeals the trial court's judgment and the Castros cross-appeal.

## II. Declaration

We initially address the Castros' contention on cross-appeal that the unsigned declaration did not properly establish a homeowners association pursuant to the Colorado Common Interest Ownership Act and thus, the trial court erred in enforcing the declaration against them. Because we agree that the unsigned declaration contravenes the requirements of section 38-33.3-201, C.R.S. 2008, we hold that the declaration is of no force or effect. We further hold that this issue is dispositive and obviates the need to address the other issues raised by the parties.

Statutory interpretation is a question of law that we review de novo. *Snowmass Land Co. v. Two Creeks Homeowners'*

*Ass'n*, 159 P.3d 662 (Colo.App.2006). We construe a statute to give effect to the General Assembly's intent and to give the words in the statute their plain and ordinary meaning. *Id.*

In 1991, the General Assembly enacted the Colorado Common Interest Ownership Act (CCIOA), sections 38-33.3-101 to -319, C.R.S.2008, which is intended "to establish a clear, comprehensive, and uniform framework for the creation and operation of common interest communities." § 38-33.3-102(1)(a), C.R.S.2008; *see Giguere v. SJS Family Enterprises, Ltd.*, 155 P.3d 462, 467 (Colo.App.2006).

Two CCIOA provisions guide our analysis, the creation provision, section 38-33.3-201, and the contents provision, section 38-33.3-205, C.R.S.2008.

### A. Creation of a Declaration

The CCIOA defines declaration as "any recorded instruments however denominated, that create a common interest community, including any amendments to those instruments and also including, but not limited to, plats and maps." § 38-33.3-103(13), C.R.S. 2008.

The CCIOA creation provision states that a common interest community is created "only by recording a declaration executed in the same manner as a deed." § 38-33.3-201(1), C.R.S.2008.

A deed requires the signature of the grantor. *See* §§ 38-10-106, -108, C.R.S.2008 (statute of frauds); 2A Cathy Stricklin Krendl, *Colo. Prac., Methods of Practice* § 73.6, at 208-09 (5th ed.2007); 2 *Colo. Prac., Methods of Practice* § 64.4, at 290-92; George E. Reeves, *Colorado Real Property Law* 522 (2003).

The short form deed statute, section 38-30-113(1)(a), C.R.S.2008, provides a form for a deed, which includes a signature line. *See* § 38-30-113(1)(b), C.R.S.2008.

The statute of frauds provides in part:

No estate or interest in lands, other than leases for a term not exceeding one year, nor any trust or power over or concerning lands or in any manner relating thereto shall be created, granted, assigned, surrendered, or declared, unless by act or operation of law, or by deed or conveyance in writing subscribed by the party creating, granting, assigning, surrendering, or declaring the same, or by his lawful agent thereunto authorized by writing.

§ 38-10-106, C.R.S:2008 (conveyance of land).

The statute of frauds also requires that a contract for a lease or sale of any interest in land be "in writing and subscribed by the party by whom the lease or sale is to be made." § 38-10-108, C.R.S.2008 (interests in land).

■ Because a deed must be signed by the grantor to be validly executed, the common interest community declaration must also be signed by the declarant to be validly executed.

Thus, when a declaration is filed without a declarant's signature, it is invalid because it was not executed in the same manner as a deed.

### B. Declaration Contents

The CCIOA contents provision, section 38-33.3-205, details the required contents of a declaration, including the name of the common interest community, a statement of the maximum number of units being created, a description of any development rights reserved by the declarant, and reasonable provisions concerning the manner in which a homeowners association gives notice to unit owners. § 38-33.5-205(1)(a), (d), (h), (o ).

■ This provision does not use the term "signature." However, it provides that a declaration must contain "[a]ll matters required by [the creation provision] section[ ] 38-33.3-201," which requires that a declaration be executed in the same manner as a deed. § 38-33.3-205(1)(n). As we concluded above, the creation provision requires that the declaration be signed to be valid. Thus, to comport with the contents provision, a declaration must also be executed in the same manner as a deed and requires a signature.

Nonetheless, the HOA argues that the signature on the plat satisfied the requirements for a signature to create a valid declaration because the declaration is defined to include a filed plat or map. We are not persuaded.

"Declaration," defined above, includes "plats and maps." § 38–33.3–103(13). However, "plat," as relevant here, is defined as "part of a declaration." § 38–33.3–103(22.5), C.R.S.2008. Filing of a plat and map with the declaration is required to create a common interest community. § 38–33.3–201(1); *Snowmass*, 159 P.3d at 663. Further, "[t]he plats and maps described in section 38–33.3–209 may contain certain information required to be included in the declaration by this section." § 38–33.3–205(3), C.R.S.2008.

However, contrary to the HOA's contention, nothing in the creation section permits the signature on the plat to substitute for the signature on the declaration. Instead, subdivision plats must be separately signed. *See* § 30–10–410, C.R.S.2008 (providing that subdivision plats shall be indexed in the grantor index under the name of the person who signs and acknowledges the plat as the owner and dedicator and that common interest community plats shall be indexed in the same manner as the declaration).

Here, the plat did not include all the information required by the contents provision, including the description of any development rights reserved by the declarant and notice procedures. *See* § 38–33.3–205(1)(h), (o ).

Further, LaPore's signature on the plat stated that she had laid out, platted, and subdivided the property as "Abril Meadows—Filing One." The plat contained a reference to the declaration, but did not state that the property was subject to the declaration, or that LaPore intended her signature to incorporate the declaration.

The reference to the declaration in the Castros' deed and the Castros' awareness or knowledge of the declaration cannot compensate for the absence of a signed declaration. *Cf. Loveland Camp No. 83 W.O. W. v. Wood-*

*men Bldg. & Benevolent Ass'n.,* 108 Colo. 297, 302, 116 P.2d 195, 198 (holding a deed invalid that did not contain the requisite signatures).

Here, the deficient notice did not bind the Castros because the declaration was not properly filed and recorded.

Accordingly, we conclude that the 1998 Abril Meadows declaration for "Filing One" is invalid and unenforceable against the Castros. Because the declaration is invalid, we do not address the other issues raised by the parties.

The judgment that the Castros violated the declaration is reversed, and the case is remanded for further proceedings consistent with this opinion, including reconsideration of the Castros' request for attorney fees under § 38–33.3–123, C.R.S.2008.

Judge LICHTENSTEIN and Judge CRISWELL * concur.