Hurlbut, J.,
rendered the opinion of the court.
On January 8, 1912, plaintiff in error (plaintiff below, and herein called plaintiff) instituted this action against defendant, to recover possession of a piece of land within its corporate boundaries. The complaint alleges that plaintiff is the owner of an easement'over, and entitled to the possession of, a certain street known as Hurt street; that defendant is in possession and has refused to deliver possession after demand thereftir; and that defendant wrongfully withholds possession from plaintiff.
The answer admits that defendant is in possession of the premises, but alleges she is the owner thereof, and denies every other allegation in the complaint.
The case was tried to the court without the intervention of a jury, and judgment went for defendant, to which exception was saved, and the case is here for review.
It appears from the record and'briefs that only one question, need be considered in order to determine this appeal, and that is, was there a complete common law dedication of Hurt street to the public ? The following enumerated facts may be said to be conclusively established by the evidence:
On December 28, 1898, J. L. Hurt, then being the owner of the land upon which the townsite is located, filed for record in the clerk and recorder’s office of Saguache County á plat which bore on its face the inscription, “Map of Centerview, Saguache County, Colorado,” and which showed the land therein described as being platted into blocks, lots, streets and alleys, reciting the names of the streets and the widths thereof, and the numbers of the blocks and lots. Hurt street *356 ran north and south along the west line of biock 10. The land in dispute is 150 feet north and south by 50 feet east and west, and adjoins the north half of block 10 on the west, being wholly within the lines of Hurt street, as marked on the plat. The plat was not acknowledged. Between the date of filing the plat and October, 1903, Hurt executed and delivered deeds to' divers persons, at different times, therein conveying lots and tracts of ground, in each of which deeds reference was specifically made to such plat for identification of the land conveyed, and reciting that the plat was on record in the office of said, county clerk and recorder. On January 26, 1900, Hurt conveyed to David Miles a plot of ground, by metes and bounds, of the dimeñsions of about 835 by 550 feet, which tract included the premises in dispute and all of Hurt street on the west line of block 10. Defendant acquired the premises in dispute from said Miles. She built a residence thereon in 1904, and was thereafter in actual possession of the disputed premises up- to and at the time this suit was commenced. In October, 1908, said Miles signed, acknowledged and filed with said clerk and recorder, a plat of “Miles’ Subdivision, in the Town of Center,” which showed the-vacant land lying south and west of block 10 to be platted into lots and blocks, and also showed thereon a continuation of the streets and alleys appearing on the Hurt plat, with the exception that the disputed premises were shown to be excluded from Hurt street as originally platted, leaving that street only 50 feet wide west of those premises, whereas the streets generally were 80 feet wide, the acknowledgment reciting that the streets and alleys shown on the plat were- thereby dedicated to the public use forever. At, and prior to, the date of .filing the Miles plat, that tract, with the excption of the disputed premises, was a field, enclosed by fence, had been Cultivated by either Miles or Hurt, and the alleged street never had been used by the public.
'The uncontroverted facts being as above stated, plaintiff contends that the filing of the plat by Hurt, his subse *357 quent deeds for lots and land included within the platted premises, and his reference in such deeds to the recorded plat for further description, constituted a complete and irrevocable dedication, on his part, to the town of Center, of all the streets and alleys shown on the plat, including Hurt street; and that when he thereafter deeded the tract to Miles, which included Hurt street on the west line of block 10, Miles took title to the same subject to' the easement created by Hurt’s dedication.
On the other hand defendant contends that there never was such a dedication by Hurt; that the filing of the plat and the subsequent acts of Hurt in deeding to divers persons numerous lots by reference thereto; amounted only to an offer of dedication; that the town never accepted the same, either directly or-by implication; hence Hurt had a right to revoke the offer before acceptance, which, she claims, he did, by conveying .the tract to Miles.
It is conceded that there was no statutory dedication, because of the absence of an acknowledgment of the Hurt plat.
It seems to be well settled that a common law dedication operates by way of estoppel in pais, and not by virtue of a grant from the dedicator; also, that such dedication, in order to be complete, must be accepted. Many states, including Colorado, hold that, at common law, an offer to dedicate, without acceptance thereof by the public authorities, imposes no burden, and confers no rights, upon the municipality. Such acceptance can be manifested in various ways. A formal official act, such as a resolution or ordinance duly passed; the taking of possession of the street, etc., by the authorities, and grading and improving the same; the use thereof by the public as a highway for public travel and traffic, by pedestrians, teams, etc., and the open and exclusive exercise of authority by the public officials over the street offered, are some of the means adopted by municipalities to indicate acceptance of such offer.
*358 There is a great diversity of opinion in the courts of last resort, as to- the right of a fee owner in a common law dedication to revoke his offer to dedicate, even before the public has perfected such offer by acceptance. Abundance of authority may be found, affirming and denying such-right, but the conclusions reached by us find support in the decisions of our own Supreme Court, therefore we will not further refer to other authorities.
One of the first Colorado' cases upon the subject is City of Denver v. Clements, 3 Colo. 472, in which, among other things, it was -decided that a common law dedication of land to public use may be made in praesenti, to be accepted by the public in futuro, and that the filing of a'plot of property as an addition to' a city, and the constant sale of lots for a period of five years with reference to said plat, under the circumstances of that case constituted a dedication of the streets to public use which could not be withdrawn b-y the owner. The case cited, if taken alone, as a controlling precedent, might seem to require the reversal of the judgment herein; but numerous later decisions of the Supreme Court have been rendered, in which different phases of the questions involved have been considered, and which, while adhering to the rule announced in the Clements case, that by the filing of a plat of urban property and the sale of lots with reference thereto-, the owner makes an offer- of dedication to the public of the" public places designated on said map or plat which the owner may not withdraw at his. pleasure, further hold that under certain circumstances the public may lose its right to accept such offer, and if before such acceptance the offer is revoked, or the public has otherwise lost its right to accept, the municipality loses its right to the public places designated on such plat. City of Denver v. D. & S. F. R. Co., 17 Colo. 583, 31 Pac. 338; Mouat Lumber Co. v. City of Denver, 21 Colo. 1, 40 Pac. 237; Trine v. City of Pueblo, 21 Colo. 102, 39 Pac. 330; Overland M. Co. v. Alpenfels, 30 Colo. 163, 69 Pac. *359 574; Town of Manitou v. Int. Trust Co., 30 Colo. 467, 70, Pac. 757.
In City of Denver v. D. & S. F. R. Co., supra, it is held that unless otherwise provided by statute, a dedication of a way, without acceptance, is in law merely an offer to dedicate, and that such offer does not impose any burden or confer-any right on the public authorities, unless the road is accepted as a highway.
In Mount Lumber Co. v. City of Denver, supra, the court referred to and approved the doctrine of the Clements case, as hereinbefore stated, but held directly that, notwithstanding an offer to dedicate, the city may lose its right to accept, and, under the circumstances in that case, that, prima facie, the city had lost its right. We quote from the opinion:
“The facts -in this case are in many particulars similar to those in the case of The City of Denver v. Clements, supra. In that case, as in this, a plat had been prepared and made a public record. Upon these plats certain parts are designated as streets and certain other portions as alleys, these streets and alleys being a continuation' of certain public streets and-alleys of the city of Denver. After the filing of such plat, many lots were sold with reference thereto, and we hold in this case, in accordance with the opinion of the court in the Clements case, that these acts show an offer to dedicate on the part of the owner, which offer he may not withdraw at his pleasure. This does not, however, do away with the necessity for acceptance, and the city may under certain circumstances lose its right to accept. * * * It is also shown that in the center of one of these streets there is a dwelling house, erected in 1871, which has since that date been occupied as a place of residence without objection from any source. These, uncontroverted facts, in view of the peculiar location of the property, * * * the surrender of connecting streets for railroad and other purposes, we think are prima facie sufficient to show that the city .did not intend to- accept *360 the property as a part of the public, streets of the city of Denver.”
In Trine v. City of Pueblo, supra, certain acts had been performed by .the owner of land which it was claimed manifested an intent to> make an irrevocable dedication to the public of the land in controversy as a street, but after said acts, the land claimed to have been dedicated had been conveyed by the owner before any act of acceptance by the city. The court, after citing with approval the opinion of Justice Elliott in City of Denver v. D. & S. F. R. Co., supra, said:
“It is clear, therefore, that the subsequent conveyance of the land by O’Connell to plaintiff was a revocation of the offer to dedicate the same as a street,” etc.
In Overland M. Co. v. Alpenfels, supra, it is said (per haps arguendo) that while, by the filing of the plat of an addition to a city, upon which was delineated a street, and the sale of lots with reference to said plat, but where there had been no acceptance by the city so as to constitute such act a common law dedication, owners of the addition would be estopped to deny the existence of such street as a public highway, as between themselves and the purchasers of lots, nevertheless the city would not be so estopped.
In Town of Manitou v. Int. Trust Co., supra, wherein the principal issue was as to whether or not there had been a common law dedication to the public of certain tracts of land within the corporate area of the town, the court had under consideration, and referred to and discussed, all the cases hereinbefore cited, and said:
“By these decisions it is settled:
That the sale of lots by reference to a recorded map or plat upon which are shown public places is an offer to dedicate such public places to public use, and that the offer may not be withdrawn at the pleasure of the grantor.
That there must be an acceptance, expresk or implied, of such offer by the public authorities within a reasonable time; *361 and that unless the offer is accepted within a reasonable time, the public may lose its right to accept.
That the question as to whether there has been an acceptance within a reasonable time, depends upon the facts and circumstances of the particular case.
That within a reasonable time after an offer to- dedicate, as shown by the sale of lots, the public authorities may take possession of public places designated as such on a plat or map, and, in doing so, may rely upon the act of the grantor in making sale of lots by reference to- such map or plat.
That unless the public -authorities, within a reasonable time, accept such offer to dedicate, they lose their right to, accept, and the municipality loses its right to- the places designated on such plat as public places.”
In the application of the law, as so settled, we find that' in the- instant case it is conclusively shown that there had never been any act on the part of the public authorities of Center indicating an acceptance of Hurt’s offer of dedication of such street; that the street at that point had never been used as a public highway for travel; that no grading or improvement of the same had ever been done by the town, or anything else evincing an intention on its part to use the street as a public thoroughfare; that the town never assumed possession of the street; that defendant built.her house on the 'disputéd ground and occupied the same continuously and peaceably for about seven years; that no objection or protest whatever was made on behalf of the town to her so doing; and that during all of said time the town knew she was claiming the disputed premises as her own, adversely to it. With these uncontroverted facts before..us, and the finding of the trial court in favor of' defendant”.on all material issues involved, we reach the conclusion that the town never accepted Hurt’s offer of dedication of said street, and, upon all the circumstances of this case, is estopped from now asserting any right to defendant’s said parcel of land because of said .dedication. We are also of the opinion that as-to the municipality, *362 the acts of the owners of sáid ground, including the giving of the deed by Hurt to Miles, constituted a revocation of Hurt’s offer to' dedicate said street, and for that reason the town possesses no legal right to dispossess the defendant.
We might observe in conclusion that, while the judgment of the lower court is right and just, and well supported by authority and the record, we are unable to discover wherein the town suffers any serious damage or inconvenience thereby, as it appears from the plat filed by Miles, being a statutory dedication, that Hurt street is still dedicated to the use of the public as a highway, as it has always been, with the exception that its width is reduced to 50 feet, just west of the disputed premises, which would still appear to be ample for public use in a village of the size of Center.
Cunningham, P. J., concurs in the conclusion reached, but bases his concurrence entirely upon the question of estoppel in pais.

Judgment affirmed.