**BOARD OF COUNTY COMMISSIONERS OF the COUNTY OF DELTA, State of Colorado, Involuntary Plaintiff–Appellant,**

v.

**Clint SHERRILL and Jeanne L. Sherrill, Plaintiffs,**

v.

**Dale R. CERNUSAK, Katherine W. Cernusak, and Margaret S. Wellman, Defendants–Appellees.**

No. 86CA0735.

Colorado Court of Appeals, Div. III.

Dec. 10, 1987.

Rehearing Denied Jan. 14, 1988.

Certiorari Denied July 5, 1988.

Brooks & Brooks, John A. Brooks, Gary L. Swanson, Montrose, for involuntary plaintiff-appellant.

Brown and Brown, James D. Brown, Delta, for defendants-appellees.

CRISWELL, Judge.

The County Commissioners of Delta County (Commissioners) appeal from a summary judgment entered by the district court, quieting title in defendants to a certain claimed roadway. Because we conclude that the land is a part of a properly dedicated public right-of-way, we reverse.

In July 1977, defendants, proceeding in accordance with § 30–28–133, C.R.S. (1986 Repl.Vol. 12A), presented to the Commissioners a subdivision plat for "Brookdale Subdivision." The plat's description of the land being subdivided noted that the subdivision contained a total of 25.87 acres; that 21.41 acres were "contained in lots" on the plat; and that "4.46 acres are contained in County Road right-of-way." The total acreage of the plat's ten lots is substantially the figure of 21.41 acres.

Outside the boundaries of these ten lots were three additional areas. One of the areas that is not contained within any of the ten lots is a strip that, except at one location, is uniformly 60 feet in width. That strip commences at the southern boundary of the subdivision and continues to its northern boundary. Near its center it forms a larger circular shape. South of this circular area the strip bears the name "Brook Lane"; north of the circular area the words "future road" appear. Except for this difference in designation, the area appears to consist of one, continuous, roadway.

While the plat does not indicate the acreage contained within any of the areas outside the lots (except for providing the various dimensions of each), these areas collectively contain the 4.46 acres referred to as "County Road right-of-way" in the description of the land being subdivided. No portion of any of these areas is contained within the boundaries of any of the ten lots.

The plat contains a notarized statement by defendants that "the public rights-of-way as shown on the plat are hereby dedicated for public use for road and rights-of-way purposes in perpetuity." It also contains an assurance by them that all expenses for necessary street improvements will be financed by them and that, except for ordinary road maintenance after completion and acceptance of the roads by the Commissioners, no demands with respect to such expenses will be made upon the county.

Finally, by the signature of the chairman of the Commissioners, it is indicated that the plat was "accepted" by them. It was, thereafter, filed of record with the county clerk and recorder on July 22, 1977.

The area in question in this case is that part of the north-south strip that lies north of the circular area and is labelled "future road." The trial court held that the plat

failed to demonstrate a clear, unequivocal intention on behalf of defendants to dedicate this area for public use and that, in any event, there had been no acceptance by the county of any such dedication. In our view, the trial court erred in reaching both conclusions.

## I

While § 30–28–133, C.R.S. (1986 Repl. Vol. 12A) requires a county to adopt subdivision regulations and to require the preparation and presentation of a subdivision plat before land is developed, that statute provides no specific procedures for the dedication of streets or roadways. Unlike the statute that is applicable to cities and towns, *see* § 31–23–107, C.R.S. (1986 Repl. Vol. 12B), there is no specific provision that a street designated on a county-approved plat becomes public property. Thus, the question whether the property here was properly dedicated as a public street depends upon application of Colorado's common law.

■ Under common law, dedication of a public way is established by demonstrating that the property owner unequivocally intended to make the dedication and that the dedication was accepted by the governmental authority. *City of Northglenn v. City of Thornton*, 193 Colo. 536, 569 P.2d 319 (1977).

Here, the trial court determined that defendants did not intend to dedicate land in question and that the Commissioners failed to accept the purported dedication. However, since this decision was based solely upon documents in the record, it is not binding on review. *Atchison, Topeka & Santa Fe Ry. Co. v. North Colorado Springs Land & Improvement Co.*, 659 P.2d 702 (Colo.App.1982).

## II

Defendants presented no extrinsic evidence to show their intent in preparing and presenting the plat. Thus, the trial court's conclusion that defendants did not demonstrate an unequivocal intent to dedicate the strip of land in question was based solely on the contents of the plat itself. Its conclusion emphasized two factors. First, it noted that the road was not needed to provide access to any of the ten lots, since each lot abutted either upon the circular area or upon the strip of land south of the circular area which defendants admit is a dedicated street. Second, it construed the term "future road" as a reservation of this strip from any use under the plat.

■ However, the plat's proper construction must render all its provisions operative and effective. *State Department of Highways v. Town of Silverthorne*, 707 P.2d 1017 (Colo.App.1985), *cert. dismissed*, 736 P.2d 411 (Colo.1987). And we conclude that the total contents of defendants' plat disclose their clear intent to dedicate this strip of land as a public roadway.

The fact that the roadway north of the circular area was not needed to provide access for the ten lots is not controlling. One of the purposes of requiring subdivision of land before development is to assure that the internal street plan for the particular area will be coordinated with an overall street plan for the community and will allow the free flow of traffic between various subdivisions. 4 R. Anderson, *American Law of Zoning* § 25.33 (3d ed. 1986). *See also* 5 N. Williams & J. Taylor, *American Planning Law* § 156.01 (1985). The very fact that the Commissioners approved the internal street plan with such an extension indicates that it was consistent with the external road system.

■ Nor is use of the words "future road" controlling. A plat may leave a portion of the land described blank, without ascribing any purpose or use for it, or it may indicate that a portion of the ground is to be "reserved" for later platting. *See Fortner v. Eldorado Springs Resort Co.*, 76 Colo. 106, 230 P. 386 (1924).

Here, however, the area described as a "future road" was expressly included within the area of the declared "County Road right-of-way." Moreover, the plat's dedicating language refers specifically to "rights-of-ways as shown on the plat." Both the graphic depiction of this street and the words describing the area show it as a right-of-way. Construing all portions of the plat together, we conclude that the

words "future road" mean that the road is to be *developed* at some future date, not that the right-of-way is to be later *dedicated*.

Accordingly, the plat, considered as a whole, demonstrates a clear and unequivocal intent to dedicate that area lying north of the circular area and bearing the designation, "future road," as a public right-of-way.

### III

Defendants argue that, nevertheless, the evidence discloses that the Commissioners failed to accept such dedication within a reasonable time. We disagree.

 The public authority's acceptance of a dedication may be evidenced in any one of several ways. The acceptance may be by legislative act, or by the public entity's possession, improvement, or use of the land as a public road. *Cf. Town of Center v. Collier,* 26 Colo.App. 354, 144 P. 1123 (1914).

Defendants' assertion that the Commissioners failed to accept the dedication of the street here rests upon a provision of the county subdivision regulations that provides:

> "*Approval* of a subdivision shall not constitute an acceptance by the county of roads, streets, alleys, or other public lands as indicated for dedication on the plat. The dedication of any of these lands for public use of any nature within the county shall be *accepted* by the county only by specific action of the [Commissioners]." (emphasis supplied)

This provision, however, must be read in conjunction with the other provisions of the county's regulations. These regulations provide that a final plat is to be submitted to the county's planning commission, which is to review it and refer it, together with its recommendations, to the Commissioners. If no action is taken by the Commissioners within 35 days after referral, it shall be deemed that they have given "favorable approval" to the plat. If the Commissioners find that the plat complies with the requirements of the county's regulations, they are to add an endorsement to the plat indicating that they have "reviewed and approved" the same.

 The endorsement here went beyond the form of the endorsement required by the regulations and affirmatively disclosed that the plat was "accepted." The difference in language is significant, and the action of the Commissioners in "accepting" the plat constitutes sufficient specific action to constitute an acceptance of the various dedications contained within the plat.

The judgment of the district court is reversed and the cause is remanded to that court for the entry of a declaratory decree that the strip of land in question is a dedicated public right-of-way.

TURSI and BABCOCK, JJ., concur.