Kenneth B. TURNBAUGH, Kaly J. Turnbaugh, and James R. Norwood, Plaintiffs–Appellants,

v.

Bert CHAPMAN, Carol A. Chapman, DeWayne D. Hansen, Linda J. Hansen, and the Board of County Commissioners of Douglas County, Defendants–Appellees.

No. 01CA1861.

Colorado Court of Appeals, Div. II.

March 13, 2003.

Astrella & Rice, P.C., T.R. Rice, Denver, Colorado, for Plaintiffs–Appellants.

Dixon & Snow, P.C., Rod W. Snow, Denver, Colorado, for Defendants–Appellees.

No Appearance for Defendant–Appellee Board of County Commissioners of Douglas County.

Opinion by Judge NEY.

Plaintiffs, Kenneth B. and Kaly J. Turnbaugh and James R. Norwood, appeal the trial court's declaratory judgment in favor of defendants, Bert and Carol A. Chapman, DeWayne D. and Linda J. Hansen, and the Board of County Commissioners of Douglas County. We reverse and remand.

In 1971, the previous owner subdivided the property now owned by the Chapmans and Hansens. The plat for this subdivision was approved by Douglas County and eventually recorded.

On this plat was a marking indicating a strip of land located between the parcels now owned by the Chapmans and Hansens, which is the basis of this controversy. This strip of land ran to the south line of the plat and was accompanied by the text "reserved for 60' future access easement." Additionally, the plat contained the following language regarding the future maintenance of all roads on the property:

> This plat approved by the Board of County Commissioners of Douglas County, Colorado ... for filing and conveyance of Roads, Drives, and Lanes, and accepted by the County of Douglas, State of Colorado, subject to the condition that the County shall undertake maintenance of any such Roads, Drives, and Lanes only after construction thereof has been satisfactorily [completed] by the subdivider at no expense to the

County, provided in the judgment of the County Commissioners, public need and necessity is shown therefore.

Plaintiffs own the land to the south of the Chapmans and Hansens. Plaintiff Kenneth Turnbaugh asserted that he had used the controverted strip on a regular basis as a road for ingress to and egress from his property from 1986 until it was blocked in 1995.

Plaintiffs filed this action for a judgment declaring that the easement referred to in the plat was presently available for use by the public. The Chapmans and Hansens counterclaimed against plaintiffs Kenneth Turnbaugh and James Norwood for trespass.

Following a bench trial, the trial court determined that the plat granted a reservation for the benefit of the county. The trial court further concluded that the "future access easement" did not constitute a public road until "called up" by the county through a finding of need and necessity.

The trial court dismissed the claim of trespass against plaintiff Norwood and entered a C.R.C.P. 54(b) certification to permit plaintiffs to appeal the declaratory judgment before the trespass claim against plaintiff Turnbaugh is resolved.

## I.

Plaintiffs contend the trial court erred in determining that the "future access easement" is not available for public use. We agree.

■ We review the legal conclusions of the trial court de novo. *Jagow v. E–470 Public Highway Authority,* 49 P.3d 1151 (Colo. 2002). However, where supported by the record, the court's factual findings will not be disturbed upon appeal. *Board of County Commissioners v. City & County of Denver,* 40 P.3d 25 (Colo.App.2001).

## A.

We must first determine the nature of the property interest created by the plat. The threshold question is whether a property interest was validly transferred from the subdivider of the property to the county. We conclude that it was.

■ Dedication is the appropriation of an interest in land by the owner of such interest to public use. *Hand v. Rhodes,* 125 Colo. 508, 245 P.2d 292 (1952).

■ Dedication of land to a county may be accomplished only through common law dedication because Colorado statutory procedures apply only to cities and towns. *See* § 31–23–107, C.R.S.2002; *Board of County Commissioners v. Sherrill,* 757 P.2d 1085 (Colo.App.1987).

■ Common law dedication requires that (1) the property owner unequivocally intended to dedicate the property and (2) the governmental authority accepted the dedication. *City of Northglenn v. City of Thornton,* 193 Colo. 536, 569 P.2d 319 (1977).

■ Here, the trial court found that the subdivider intended to grant the property to the county for a future access road. Furthermore, the trial court found that such property was accepted by the county when it subsequently approved the plat. Both of these conclusions are supported by a reading of the plat and the evidence in the record.

Accordingly, we conclude that the phrase "reserved for 60' future access easement" dedicated an interest in the property to the county.

## B.

We next must determine the type of interest dedicated to the county. We conclude that the county was granted an easement for the development of a future road.

Contrary to the trial court's conclusion, the county was not conveyed a "reservation" through the dedication.

■ A reservation by a grantor creates and reserves to that grantor some right or interest in the property conveyed. *McCormick v. Union Pacific Resources Co.,* 14 P.3d 346 (Colo.2000). A new property interest is thereby created for the benefit of the grantor. *Lincoln Savings & Loan Ass'n v. State,* 768 P.2d 733 (Colo.App.1988).

■ Here, the property interest was not reserved by the subdivider to himself. In-

stead, the interest was dedicated to the county.

■ However, common law dedication grants a local government an easement to use the land for purposes described in the plat. *See Near v. Calkins,* 946 P.2d 537 (Colo.App.1997); *City of Greenwood Village v. Boyd,* 624 P.2d 362 (Colo.App.1981).

■ Furthermore, contrary to the trial court's order requiring further action for the interest to vest, vesting occurs when the dedication is complete. *See Martini v. Smith,* 42 P.3d 629 (Colo.2002); *City & County of Denver v. Publix Cab Co.,* 135 Colo. 132, 308 P.2d 1016 (1957).

Accordingly, we conclude that the county has a vested easement for the purposes of establishing future access.

### C.

■ Finally, we must determine whether the access easement is currently available for use by the public. We conclude that it is.

Contrary to the trial court's finding, the county is not required to "call up" the easement before it becomes available for public use. Instead, the easement for access vested in the county at the time of acceptance.

■ Once a roadway is accepted by a local government and used by the public, its status as a roadway continues until vacation or abandonment. *Uhl v. McEndaffer,* 123 Colo. 69, 225 P.2d 839 (1950); *Leach v. Manhart,* 102 Colo. 129, 77 P.2d 652 (1938); *Foley v. Terry,* 532 P.2d 765 (Colo.App.1974)(not published pursuant to C.A.R. 35(f)).

■ Furthermore, after acceptance, use of the road by a member of the public is sufficient to establish that a roadway exists. *Leach v. Manhart, supra,* 102 Colo. at 133, 77 P.2d at 653 (for a roadway to exist, "[u]ser is the requisite element, and it may be by any who have occasion to travel over public lands, and if the use be by only one, still it suffices").

■ Improvement and maintenance by the county is not required for a road to

retain its status as a public highway. *Uhl v. McEndaffer, supra,* 123 Colo. at 74–75, 225 P.2d at 843 (purpose of act creating public roads "would be thwarted if it was held that unless some physical action on the part of the county authorities in developing or improving the work was performed, in time, nonuse could be said to be a vacation or abandonment"); *Leach v. Manhart, supra,* 102 Colo. at 133, 77 P.2d at 653 ("It is not required that 'work' shall be done on such a road, or that public authorities shall take action in the premises."); *Foley v. Terry, supra,* 532 P.2d at 766.

Here, the record reflects that the access easement was used by plaintiffs for access to their property. Thus, despite the unimproved nature of the road, when the easement was accepted by the county and used by the public, it became a roadway and open to use by members of the public. Accordingly, a public roadway will exist until it is vacated or abandoned by the county.

### II.

The trial court also determined that the future access easement violated the rule against perpetuities. We disagree.

■ The rule against perpetuities requires that an interest must vest, if at all, not later than twenty-one years after a life in being at the creation of the interest. *Perry v. Brundage,* 200 Colo. 229, 614 P.2d 362 (1980).

■ Here, the interest vested in the county when the plat was accepted. Accordingly, we conclude that interest does not violate the rule against perpetuities.

The judgment is reversed. The case is remanded for entry of declaratory judgment in accordance with this opinion.

Judge MARQUEZ and Judge RULAND * concur.

---

§ 24–51–1105, C.R.S.2002.