20CA1780 Hill v Warsewa 01-27-2022 COLORADO COURT OF APPEALS Court of Appeals No. 20CA1780 Fremont County District Court No. 18CV30069 Honorable Lynette M. Wenner, Judge Roger Hill, Plaintiff-Appellant, v. Mark Everett Warsewa, Linda Joseph, and the State of Colorado, Defendants-Appellees. JUDGMENT AFFIRMED IN PART, REVERSED IN PART, AND CASE REMANDED WITH DIRECTIONS Division IV Opinion by JUDGE TOW Richman and Grove, JJ., concur NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced January 27, 2022 Alexander N. Hood, Denver, Colorado; Mark S. Squillace, Boulder, Colorado, for Plaintiff-Appellant Kirk Holleyman, P.C., Kirk B. Holleyman, Denver, Colorado, for Defendants-
Appellees Mark Everett Warsewa and Linda Joseph Philip J. Weiser, Attorney General, Scott Steinbrecher, Assistant Deputy Attorney General, Daniel E. Steuer, Senior Assistant Attorney General, Denver, Colorado, for Defendant-Appellee the State of Colorado Burns, Figa & Will, P.C., Stephen H. Leonhardt, April D.Hendricks, Greenwood Village Colorado, for Amicus Curiae Colorado Water Congress 
Michael J. Gustafson, City Attorney, Colorado Springs, Colorado, for Amicus Curiae City of Colorado Springs Law of the Rockies, LLC, Kendall Burgemeister, Gunnison, Colorado, for Amicus Curiae Upper Arkansas Water Conservacy District Hayes Pozanovic Korver LLC, David S. Hayes, Denver, Colorado for Amicus Curiae Taylor Placer, Ltd., Crystal Creek Homeowners Association, Inc., Jackson-Saw/Taylor River Ranch, LLC, and Wilder Association 
1 ¶ 1 Roger Hill appeals the district court’s judgment dismissing his complaint against Mark Everett Warsewa, Linda Joseph (collectively, the Warsewa defendants), and the State of Colorado asserting claims for quiet title and declaratory judgment. We affirm in part, reverse in part, and remand the case for further proceedings. I. Background ¶ 2 The Warsewa defendants own a parcel of land over and through which the Arkansas River passes. For several years, Hill has attempted to fish on a particular bed of the river that is located on the Warsewa defendants’ land. Hill maintains that “the disputed portion of the bed of the Arkansas River is public land owned by the State of Colorado and held in trust for the people of Colorado by virtue of it being navigable for title when Colorado became a state.” ¶ 3 The navigability of the river at the time Colorado became a state is essential to Hill’s claim. Under what is known as the “equal-footing doctrine,” each state, upon attaining statehood, “gains title within its borders to the beds of waters then navigable.” PPL Mont., LLC v. Montana, 565 U.S. 576, 591 (2012). If the water was non-navigable at statehood, the United States retained title. Id. 
2 The United States thus retained the authority to grant title to the beds of non-navigable waters to private landowners. See Hanlon v. Hobson, 24 Colo. 284, 288, 51 P. 433, 435 (1897). ¶ 4 Navigability is a matter of federal law, and encompasses those rivers that were “used, or [were] susceptible of being used, in their ordinary condition, as highways for commerce, over which trade and travel are or may be conducted in the customary modes of trade and travel on water.” PPL Mont., 565 U.S. at 591-92 (quoting The Daniel Ball, 77U.S. 557 (1870)). Navigability is determined not for an entire river but, rather, on a segment-by-segment basis. Id. at 593. ¶ 5 The Warsewa defendants disagree with Hill’s claim that the river was navigable upon statehood. They maintain that the riverbed is their private property
1 and have repeatedly taken steps — including both shows of force and threats of prosecution for trespass — to prevent Hill from using it. ¶ 6 Hill brought claims against the Warsewa defendants seeking (1) to quiet title to the land in question, decreeing that it is “owned 1 It appears undisputed that Warsewa and Joseph’s title can be traced back to an original federal land grant. 
3 exclusively by the State of Colorado in trust for the public;” and (2) a declaratory judgment under C.R.C.P. 57 to bar the Warsewa defendants from excluding Hill from the riverbed. Hill named the State of Colorado as an “interested party” in the suit. ¶ 7 The Warsewa defendants removed the action to federal district court based on federal question jurisdiction. In federal district court, Hill amended his complaint to name the State of Colorado as a defendant. The State of Colorado shares the Warsewa defendants’ position that the riverbed at issue is private property belonging to the Warsewa defendants. All defendants filed motions to dismiss due to lack of prudential standing, lack of Article III standing, and failure to state a claim for relief. The federal district court granted the motions to dismiss, finding that Hill lacked prudential standing because he was asserting the rights of a third party. ¶ 8 Hill appealed the federal district court’s dismissal to the Tenth Circuit. The Tenth Circuit held that “[t]he district court erred by concluding that [Mr.] Hill lacked prudential standing to bring his claims,” but remanded the case for a determination whether Hill had standing under Article III. Hill v. Warsewa, 947 F.3d 1305, 1308-11 (10th Cir. 2020). On remand, the federal district court 
4 held that Hill lacked constitutional standing as well. Rather than dismiss the action, the federal district court remanded the case to the state district court. ¶ 9 Back in state court, all defendants moved to dismiss the case for lack of standing under C.R.C.P. 12(b)(1) and for failure to state a claim for which relief can be granted under C.R.C.P. 12(b)(5). Accepting both theories, the district court granted the motions to dismiss. ¶ 10 Hill now appeals, arguing that the district court erred by dismissing his complaint. II. Rule 12(b)(1) Motion ¶ 11 Hill contends that the district court erred by finding he lacked standing to sue because he failed to “sho[w] a personal legally protected right that is his to assert in a judicial forum” for both his claims. We agree with the district court as to Hill’s quiet title claim. However, we conclude that Hill has standing to pursue his claim for declaratory judgment. A. Standard of Review and Applicable Law ¶ 12 When considering a district court’s dismissal for lack of subject matter jurisdiction under C.R.C.P. 12(b)(1), we review the 
5 district court’s legal conclusions de novo and its factual determinations, if any, for clear error. See Monez v. Reinertson, 140 P.3d 242, 244 (Colo. App. 2006). The plaintiff bears the burden of proving jurisdiction. City of Boulder v. Pub. Serv. Co. of Colo., 2018 CO 59, ¶ 14. A party’s standing to bring a claim is a question of law that we review de novo. Ainscough v. Owens, 90 P.3d 851, 856 (Colo. 2004). ¶ 13 A standing question involves two considerations: (1) whether the party seeking judicial relief has alleged an actual injury from the challenged action, and (2) whether the injury is to a legally protected or cognizable interest. Wimberly v. Ettenberg, 194 Colo. 163, 168, 570 P.2d 535, 539 (1977). The district court found that Hill sufficiently alleged an injury in fact, and appellees do not contest this finding. Thus, our analysis focuses only on whether Hill has sufficiently alleged an injury to a legally protected interest. An interest is legally protected if the individual “has a claim for relief under the constitution, the common law, a statute, or a rule or regulation.” Ainscough, 90 P.3d at 856. 
6 B. The Quiet Title Action ¶ 14 Hill sought to quiet title in the state, requesting that the district court declare that “the state of Colorado holds title to the subject real property in trust for the public.” ¶ 15 C.R.C.P. 105 governs quiet title actions and requires that the proceeding “completely adjudicate the rights of all parties to the action claiming interests in the property.” Keith v. Kinney, 961 P.2d 516, 519 (Colo. App. 1997). In a quiet title action, the plaintiff “has the burden of establishing title superior to that claimed by the defendant.” Hinojos v. Lohmann, 182 P.3d 692, 697 (Colo. App. 2008). Accordingly, a party seeking to quiet title must show that it has an interest in the property itself. Buell v. Redding Miller, Inc., 163 Colo. 286, 290, 430 P.2d 471, 473 (1967); see also Hinojos, 182 P.3d at 697 (“[T]he plaintiff may not capitalize on the weakness of the defendant’s claim to title, but can succeed only by establishing the strength of his or her own claim to title.”). ¶ 16 Hill does not allege that he has title. Instead, he alleges that the State of Colorado possesses the valid claim to title to the property in question. Hill lacks standing, however, to pursue any claim the state may have to quiet that title. See Cuddy v. Whatley, 
7 157 Colo. 562, 563, 404 P.2d 533, 534 (1965); see also Meyer v. Haskett, 251 P.3d 1287, 1292 (Colo. App. 2010) (“Courts routinely deny defendants the standing to assert a third party’s right.” (quoting People v. Palomo, 31 P.3d 879, 885 (Colo. 2001))). ¶ 17 Seeking to overcome this obstacle, Hill argues that by virtue of the equal-footing doctrine, the State of Colorado took title to the land at issue and holds it for the benefit of the public. As a result, he contends, he (along with all other members of the public) has the right to access the property — a right which he claims is, in essence, an easement.
2 He argues that Colorado courts have routinely permitted individuals to sue to enforce public easements. But Hill’s argument assumes too much. ¶ 18 True, in developing the equal-footing doctrine, the United States Supreme Court has noted that states, upon their admission 2 Hill incorrectly asserts that the Tenth Circuit “found” that his interest was an easement. The first reference Hill cites was merely a restatement of his argument. Hill v. Warsewa, 947 F.3d 1305, 1306-07 (10th Cir. 2020). The second is, at most, analogizing his claim to that of an easement holder. Id. at 1310. In any event, whether a purported interest in property is an easement is a matter of state law, and we are not bound by the federal courts in such matters. First Nat’l Bank in Fort Collins v. Rostek, 182 Colo. 437, 441 n.1, 514 P.2d 314, 316 n.1 (1973). 
8 to the union, took title to the navigable waters and their beds in trust for the public, see PPL Mont., 565 U.S. at 604 (citing Shively v. Bowlby, 152 U.S. 1, 49 (1894)). But while the equal-footing doctrine is a product of federal constitutional law, “the States retain residual power to determine the scope of the public trust over waters within their borders.” Id. ¶ 19 Put another way, “[s]tate law determines whether the public effectively has an easement over these lands for public trust purposes, whether the state may dispose of the lands through grants to private parties, whether private landowners have always held the lands, or whether some other regime is effective.” In re Title, Ballot Title, & Submission Clause for 2011-2012 No. 3, 2012 CO 25, ¶ 39 (Hobbs, J., dissenting). Significantly, we are aware of no statute or published decision of a Colorado appellate court — nor does Hill direct us to one — that establishes that any right a member of the general public may have to the use of public land rises to the level of an easement or any other interest in the property sufficient to seek to quiet title. ¶ 20 Moreover, Hill’s reliance on Turnbaugh v. Chapman, 68 P.3d 570 (Colo. App. 2003), is misplaced. In Turnbaugh, the plaintiff was 
9 suing to enforce an easement expressly created by a plat. Id. at 571. And, significantly, there is no indication that the plaintiff in Turnbaugh was permitted to quiet title to the property to which the easement attached on behalf of the public entity holding the easement. ¶ 21 Because Hill himself has no claim to title and has not shown that his claim to public access rises to the level of an easement, he does not possess a legally protected interest. He therefore has failed to carry his burden of establishing that he has standing to seek to quiet title. Thus, the district court did not err by dismissing this claim under Rule 12(b)(1). C. Declaratory Judgment ¶ 22 Hill also sought a declaratory judgment that the Warsewa defendants “have no right to exclude . . . Hill from wading in the Arkansas River at the subject location.” In connection with this declaratory relief, Hill sought injunctive relief barring the Warsewa defendants from “threatening, assaulting or battering” him and from excluding him from the riverbed. ¶ 23 “A declaratory judgment action is appropriate ‘when the rights asserted by the plaintiff are present and cognizable ones.’” 
10 Wainscott v. Centura Health Corp., 2014 COA 105, ¶ 17 (quoting Farmers Ins. Exch. v. Dist. Ct., 862 P.2d 944, 947 (Colo. 1993)); see also Bd. of Cnty. Comm’rs v. Bowen/Edwards Assocs., Inc., 830 P.2d 1045, 1053 (Colo. 1992) (Standing requires “an existing legal controversy that can be effectively resolved by a declaratory judgment.”). ¶ 24 Hill argues that, because the river was navigable at statehood, the riverbed is public land owned by the State of Colorado. Thus, he, as a member of the public, is not trespassing by wading on the riverbed. He therefore requests a declaratory judgment to that effect, as well as injunctive relief preventing the Warsewa defendants from treating him as a trespasser. Here, unlike in the quiet title claim, Hill is alleging an interest that is his own — the right to wade and fish in the river at the location in question. He further contends that, pursuant to section 18-4-504.5, C.R.S. 2021, he could not be considered a trespasser for entering or remaining in or upon the banks and beds of a navigable river. Thus, he seeks to 
11 clarify his rights in order to be free from threats of physical violence.
3 ¶ 25 Our supreme court has said that the “core purpose of declaratory judgments [is] to clarify rights in advance of the commission of wrongs.” S. Ute Indian Tribe v. King Consol. Ditch Co., 250 P.3d 1226, 1247 (Colo. 2011). This is precisely what Hill seeks to achieve. Therefore, he has sufficiently alleged a legally protected or cognizable interest “under the constitution, the common law, a statute, or a rule or regulation.” Ainscough, 90 P.3d at 856. ¶ 26 Appellees argue, however, that even if the river were considered navigable, Hill would not have a right to access as a member of the public “because there is no public trust doctrine in 3 Hill also seeks to avoid what he contends is unwarranted prosecution. He alleges that Warsewa threatened that Hill was “getting a summons,” and that Warsewa placed a note on Hill’s windshield stating, “You can and will be charged with trespassing!” The note further asserted that Warsewa was an employee of the county and that he would have the sheriff “run” Hill’s plate number. It is not at all clear that these allegations alone would demonstrate a sufficiently reasonable possibility of prosecution to permit him to pursue declaratory relief. See Metal Mgt. W., Inc. v. State, 251 P.3d 1164, 1175 (Colo. App. 2010). We need not decide this issue, however, as Hill’s allegations regarding the threats of physical violence are sufficient. 
12 Colorado.” This may (or may not) be the case. See City of Longmont v. Colo. Oil & Gas Ass’n, 2016 CO 29, ¶¶ 61-62 (noting that Colorado had no provision similar to one in the Pennsylvania Constitution declaring that the state’s natural resources “are the common property of all the people” (quoting Pa. Const. art. I, § 27)); People v. Emmert, 198 Colo. 137, 141, 597 P.2d 1025, 1027 (1979) (declining to adopt a public trust theory regarding the riverbeds of non-navigable waters).
4 But a court cannot dismiss a claim for lack of standing based on the merits of the underlying substantive claim. See Hickenlooper v. Freedom from Religion Found., Inc., 2014 CO 77, ¶ 7 (Standing is a jurisdictional prerequisite that “must be determined prior to a decision on the merits.”). We therefore do not consider the question of whether Hill would actually prevail on his contention that he has a public right of access to the riverbed. ¶ 27 Appellees also contend that “Hill asserts only a generalized grievance held in common with the public that is insufficient to confer standing.” Initially, we acknowledge that the prudential 4 We note, however, that we are aware of no Colorado appellate decision that has addressed the issue of whether — and, if so, how — the public trust doctrine applies to the beds of navigable waters. 
13 prong of our standing test (i.e., that the plaintiff’s injury must be to a legally protected or cognizable interest) is aimed at ensuring that “the claim not be an abstract, generalized grievance that the courts are neither well equipped nor well advised to adjudicate.” City of Greenwood Village v. Petitioners for Proposed City of Centennial, 3 P.3d 427, 437 (Colo. 2000) (quoting Sec’y of State of Md. v. Joseph H. Munson Co., 467 U.S. 947, 955 n.5 (1984)).
5 But Hill does not present an abstract or generalized challenge to the government’s actions; instead, he presents a specific request for a declaratory judgment to prevent the Warsewa defendants from barring his use of the riverbed, and alleges concrete injuries (or at least threats of injuries) that have actually occurred and that he is seeking to avoid in the future. The district court observed that “[w]hatever right 5 That being said, as our supreme court has also acknowledged, our prudential standing analysis is not necessarily informed by federal cases cautioning against “generalized grievance[s]” because the federal analysis is concerned with the constitutionally rooted jurisdictional limitations on the federal courts to only entertain certain “cases” and “controversies.” Conrad v. City & Cnty. of Denver, 656 P.2d 662, 669 (Colo. 1982) (citations omitted). Indeed, as the Tenth Circuit pointed out, the “generalized grievance” analysis in the federal court is relevant to constitutional, rather than prudential, standing. Hill, 947 F.3d at 1311. Because our district courts, unlike the federal courts, are courts of general jurisdiction, the analysis is not interchangeable. 
14 [Hill] might possess in accessing the disputed riverbed he shares with all members of the public.” While this may be true, there is no indication that all members of the public have been threatened with physical harm and prosecution for trespass. Thus, Hill’s claim is not a generalized or abstract claim, but a particularized one. ¶ 28 Because Hill’s declaratory judgment claim sufficiently alleges an injury to a legally protected or cognizable interest, we conclude that the district court erred by dismissing this claim under Rule 12(b)(1). III. Rule 12(b)(5) Motion ¶ 29 Having determined that the district court erred in dismissing Hill’s claim for a declaratory judgment under Rule 12(b)(1), we next consider whether the district court erred in dismissing the claim under Rule 12(b)(5).
6 A. Standard of Review and Applicable Law ¶ 30 A motion to dismiss for failure to state a claim under Rule 12(b)(5) “is designed to allow defendants to ‘test the formal 6 Because we conclude that dismissal of the quiet title claim was proper under C.R.C.P. 12(b)(1), we need not address whether it was also proper under C.R.C.P. 12(b)(5). 
15 sufficiency of the complaint.’” Coors Brewing Co. v. Floyd, 978 P.2d 663, 665 (Colo. 1999) (quoting Dorman v. Petrol Aspen, Inc., 914 P.2d 909, 911 (Colo. 1996)). To survive a motion to dismiss under Rule 12(b)(5), a plaintiff must state a plausible claim for relief. Warne v. Hall, 2016 CO 50, ¶ 42. ¶ 31 In ruling on a motion to dismiss under Rule 12(b)(5), a court considers the facts alleged in the complaint, taking them as true and viewing them in the light most favorable to the plaintiff. Begley v. Ireson, 2017 COA 3, ¶ 8. We review de novo a district court’s ruling on a motion to dismiss under Rule 12(b)(5). See Denver Post Corp. v. Ritter, 255 P.3d 1083, 1088 (Colo. 2011). B. Analysis ¶ 32 After its lengthy analysis of the Rule 12(b)(1) dismissal, the district court rather summarily addressed the Rule 12(b)(5) motion. The court concluded that Hill failed “to show how the common law and constitutional law on which he relies for the substantive conclusion that the riverbed is public property also provide a private cause of action for the enforcement.” The court appears to have conflated the question of the plausibility of the claim with the 
16 “injury to a legally recognizable interest” prong of the standing analysis. ¶ 33 Again, Rule 12(b)(5) merely requires that Hill state a plausible claim for relief. We conclude that he has. ¶ 34 If, as Hill alleges, the relevant segment of the river was navigable at statehood, then the Warsewa defendants do not own the riverbed and would have no right to exclude him from it by threats of physical violence or prosecution for trespass. In support of his claim, Hill proffers numerous factual allegations that the river was used for commerce at or near the time of statehood, including floating beaver pelts, logs, and railroad ties down the river. We certainly cannot, at this early stage, know whether Hill will be able to establish that the river segment was navigable at statehood. But we cannot say it is not plausible. ¶ 35 Moreover, as noted, the question of whether, and to what extent, the public trust doctrine should apply to the bed of a navigable river has never been resolved — or, as far as we can tell, even addressed — in Colorado. Nor has Hill’s claim that he is entitled to access to the riverbed based on English common law 
17 been resolved or addressed. Thus, it cannot be said that the law as it stands now unequivocally bars Hill’s claim. ¶ 36 Because Hill states a plausible claim, the district court erred by granting the motion to dismiss the declaratory judgment claim pursuant to Rule 12(b)(5).
7 IV. Conclusion ¶ 37 The judgment is affirmed in part and reversed in part. The case is remanded for further proceedings consistent with this opinion. JUDGE RICHMAN and JUDGE GROVE concur. 7 Of course, in light of our resolution of the standing issue related to Hill’s quiet title claim, we reiterate that Hill cannot, under the guise of declaratory judgment, seek any declaration regarding the State of Colorado’s title or ownership of the riverbed — only that the Warsewa defendants do not own it.